IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES FRANKLIN PUTNAM
Federal BOP inmate #04498-043
MDOC inmate # R3020                                             PETITIONER

VERSUS                                   CIVIL ACTION NO. 5:07-cv-150-DCB-MTP

HECTOR RIOS                                                    RESPONDENT

<u>ORDER</u>

This case filed pursuant to 28 U.S.C. § 2241 was transferred to this Court by order [58] of

the United States District Court for the Eastern District of Kentucky.  At the time petitioner  filed

this action he was housed in a United States Penitentiary in Inez, Kentucky.  Petitioner is

currently incarcerated in the Federal Correctional Complex in Yazoo City, Mississippi.

Since the Court finds the history of petitioner's state and federal criminal convictions and

sentences to be adequately explained in the Eastern District of Kentucky's transfer order, only

limited details will be set forth in the instant order.  In this case, petitioner is challenging the

execution of his 1997 state sentences from Harrison County Circuit Court for armed robbery and

embezzlement.  The petitioner maintains that the Mississippi Department of Corrections

(MDOC) is incorrectly calculating the start date of his sentences in violation of the State Judge's

order and MDOC is incorrectly denying him participation in the Department's earned release

supervision program.  Petitioner claims these actions violate his due process and equal protection

rights under the United States Constitution.  The Court will allow the petitioner to continue with

his execution of sentence claims in this § 2241 case at this time.

However, the Court notes that any claims the petitioner is attempting to assert challenging

the actual validity of his state convictions and sentences, i.e., ineffective assistance of counsel and involuntary guilty plea, are properly maintained in a request for habeas corpus relief pursuant to 28 U.S.C. § 2254.  Since petitioner has already litigated a challenge to the validity of his state convictions and sentences in a prior § 2254 habeas action,[1] any claims asserted here are deemed second or successive, therefore requiring prior authorization of the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3)(A).  Since petitioner fails to submit proof of prior authorization, the petitioner will not be allowed to proceed with these claims in this case.

Turning to the motions filed by petitioner since the transfer of this case, this Court will allow Hector Rios, a Kentucky Bureau of Prisons official (BOP) to be replaced with Christopher Epps, Commissioner of MDOC, as the respondent in this cause.  Although petitioner is currently serving a federal criminal sentence within a federal institution, it appears his state sentences are running concurrent with his federal sentence and the State of Mississippi has purportedly lodged a detainer with the BOP because petitioner's state sentences will be longer than his federal sentence.  As to the petitioner's arguments regarding the exhaustion of his administrative remedies, the Court will direct the respondent to reply to the petitioner's motion requesting the Court to deem this issue exhausted [62].  Accordingly, it is hereby,

ORDERED AND ADJUDGED that Christopher Epps, Commissioner of MDOC, shall replace Hector Rios as the proper respondent in this case.

IT IS FURTHER ORDERED that petitioner's motion [60] requesting leave to change the

_____

[1] *See Putnam v. Dove*, 1:04-cv-593-DMR-JMR (S.D. Miss. Feb. 10, 2005)(petition dismissed with prejudice).

respondent and to supplement his claims is granted to the extent that the Court will consider the allegations contained within the pleading as the petitioner's supplement.

IT IS FURTHER ORDERED that petitioner's motion [61] requesting leave to show 90% exhaustion is denied.  Since the Court is directing the respondent to reply to the petitioner's motion [62] requesting the Court to deem this issue exhausted, this motion [61] is moot.

IT IS FURTHER ORDERED that the respondent, through Attorney General of the State of Mississippi Jim Hood, file an answer or other responsive pleading in this cause within twenty (20) days of the service upon the said Jim Hood of a copy of this order.  Respondent shall file with his answer or other responsive pleading any state court documents or MDOC documents relevant to the disposition of this cause along with a reply to petitioner's motion [62] requesting the Court to deem this issue exhausted.

IT IS FURTHER ORDERED that the Clerk of Court shall serve, by certified mail, a copy of the petition, transfer order [58] and motion requesting the Court to deem this issue exhausted [62], filed herein along with a copy of this order upon Attorney General of the State of Mississippi Jim Hood.  The Clerk of Court shall also serve a copy of this order upon petitioner by mailing same to petitioner's last known address.

IT IS FURTHER ORDERED that any claims regarding the actual validity of petitioner's state convictions and sentences are considered second or successive § 2254 habeas claims, lacking prior authorization from the Fifth Circuit and will not be considered in this case.

**The petitioner should understand that this order directing the respondent to answer does not reflect any opinion of this Court that the claims contained in the petition will or will not be determined to be meritorious.**

3

Petitioner is warned that his failure to timely comply with any order of this Court or his failure to keep this Court informed of his current address will result in the dismissal of this case.

SO ORDERED, this the __30th___ day of  October, 2007.


s/  David Bramlette_____
UNITED STATES DISTRICT JUDGE